IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

JOYCE SAGMILLER,

                                                                               CV-10-5-M-JCL

                Plaintiff,

          vs.                                                                  ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.

_____

On September 20, 2010, the Court entered an order reversing the Commissioner's decision denying Plaintiff Joyce Sagmiller's application for supplemental security income benefits under title XVI of the Social Security Act and remanding the case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). This matter comes before the Court now on Plaintiff's application for an award of attorney's fees in the amount of $7,185.49 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). This amount represents 40.8 hours of attorney work at an hourly rate of $170.38, and 3.6 hours of paralegal work at an hourly rate of $65.

The EAJA provides that a party who prevails in a civil action against the

United States is entitled to an award of attorney's fees "unless the court finds that the position of the United States was substantially justified" or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A presumption arises under the EAJA "that fees will be awarded to prevailing parties...." *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The Commissioner thus bears the burden of proving "that her position was substantially justified." *Yang v. Shalala*, 22 F.3d 213, 217 (9th Cir. 1994). "A substantially justified position must have a reasonable basis in both law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

    The Commissioner does not dispute that Plaintiff is a prevailing party for purposes of an EAJA fee award. Nor does the Commissioner challenge the number of hours for which Plaintiff seeks to recover attorney fees, or the hourly rate charged. The Commissioner instead argues in opposition to Plaintiff's fee request that the government's position in this case was substantially justified. In doing so, the Commissioner essentially reiterates the arguments already rejected by the Court on summary judgment. The Court finds that the Commissioner has not satisfied his burden of proving that his position with respect to the ALJ's failure to discuss Dr. John Kalbfleisch's opinion had a reasonable basis in law or fact. The Commissioner has not pointed to any other circumstances that would

make an award of fees in this case unjust.

In the event fees are awarded, the Commissioner asks that the award be made payable directly to the Plaintiff, rather than Plaintiff's counsel.  The United States Supreme Court recently held that an EAJA fee award is payable to the prevailing litigant rather than the attorney "and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes to the United States" *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010). Accordingly,

IT IS ORDERED that Plaintiff's motion for attorneys fees is GRANTED in the amount of $7,185.49, payable directly to the Plaintiff.[1]  This award is without prejudice to the right of Plaintiff's counsel to seek attorneys fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.  Defendant's payment of the $7,185.49 shall constitute a complete release from and bar to any and all claims Plaintiff may have relating to EAJA fees, expenses, and costs in this action.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for attorney fees in the amount of

---

[1] Plaintiff does not seek any costs and has not identified any expenses.

$7,185.49, is **GRANTED**.[2]

        DONE and DATED this 30th day of November, 2010

                          /s/ Jeremiah C. Lynch
                        Jeremiah C. Lynch
                        United States Magistrate Judge

---

[2] Plaintiff indicated in her opening brief that she also hopes to recover additional fees for the work done preparing her EAJA application. Because she has not submitted an updated statement identifying any additional attorney fees, however, the Court has no basis for awarding additional fees at this time.